UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV103-V-1
(5:07CR40-V)

| | |
|---|---|
| MICHAEL A. CHERRY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed August 2, 2010.[1]

A review of the subject Motion to Vacate, along with certain pertinent Court records, reflects that on September 27, 2007, Petitioner was indicted for possession with intent to distribute at least 50 grams of cocaine base. Petitioner was also indicted for violating 18 U.S.C. §§ 922(g) and 924(c). On September 30, 2008, pursuant to the terms of his plea agreement, Petitioner entered a guilty plea to the possession with intent to distribute charge at his Rule 11 hearing. On May 4, 2009, this Court sentenced Petitioner to 262 months' imprisonment. Judgment was entered on May 14, 2010. Petitioner did not file a Notice of Appeal. However,

---

[1] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a pro se prisoner's notice of appeal is deemed filed as of the date on which a prisoner delivers the notice of appeal to prison authorities for forwarding to the district court. Id. at 276. Applying the reasoning of the Houston case to Petitioner's filing of his Motion to Vacate, his Motion to Vacate would be deemed filed on the date he delivered it to prison officials for forwarding to the district court. Reviewing Petitioner's filing and applying the rule set forth in Houston, this Court finds that based on the information presently before this Court, Petitioner's § 2255 motion should be deemed filed on August 2, 2010, which is the date that Petitioner certified that he placed his motion in the prison mailing system.

on August 2, 2010, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence alleging ineffective assistance of counsel because his counsel had failed to file an appeal when Petitioner had requested that he do so.

In 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the record is clear that Petitioner's conviction became final on or about May 28, 2009,[2] ten days after entry of final judgment. Fed. R. App. P. 4(b). Petitioner filed the instant Motion to Vacate well over one year later on August 2, 2010. It thus appears to the Court that Petitioner's Motion to Vacate is untimely.[3]

---

[2] Petitioner asserts that his motion is timely filed because it is filed within one year from the date Petitioner had to file a petition for writ of certiorari with the Supreme Court. Petitioner is mistaken. Because he never filed a direct appeal he is not entitled to add an additional 90 days to his limitation period.

[3] Petitioner asserts that he filed the instant motion "as soon as he realize [sic] that there was no appeal pending . . . ." Such a vague assertion, by itself, is insufficient to warrant equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)(equitable tolling is "reserved

In <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002), the Fourth Circuit held that "when a federal habeas court, prior to trial, perceives a <u>pro se</u> §2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to §2244(d) absent a sufficient explanation . . . ." Applying the <u>Hill</u> notice requirement to § 2255 motions, this Court shall give Petitioner 15 days in which to file a document explaining why his Motion to Vacate should be deemed timely filed. <u>See</u> <u>United States v. Sosa</u>, 364 F.3d 507 (4th Cir. 2004) (acknowledging <u>Hill</u> notice requirement in § 2255 case where neither party contested its application).

**NOW**, **THEREFORE, IT IS HEREBY ORDERED that:**

1. Within <u>fifteen (15) days of the filing of this Order</u>, Petitioner shall file a document, explaining why he believes his Motion to Vacate should be deemed timely filed; and

2. The Clerk shall send copies of this Order to Petitioner and to counsel for the United States.

Signed: August 18, 2010

Richard L. Voorhees
United States District Judge

---

for those rare instances where - due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.")

3