UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV103-V-1
(5:07CR40-V)

| | |
|---|---|
| MICHAEL A. CHERRY,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Respondent.   ) | |

**THIS MATTER** is before the Court for a review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed August 2, 2010.[1]

A review of the subject Motion to Vacate, along with certain pertinent Court records, reflects that on September 27, 2007, Petitioner was indicted for possession with intent to distribute at least 50 grams of cocaine base. Petitioner was also indicted for violating 18 U.S.C. §§ 922(g) and 924(c). On September 30, 2008, pursuant to the terms of his plea agreement, Petitioner entered a guilty plea to the possession with intent to distribute charge at his Rule 11 hearing. On May 4, 2009, this Court sentenced Petitioner to 262 months' imprisonment. Judgment was entered on May 14, 2009. Petitioner did not file a Notice of Appeal.

On August 2, 2010, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence alleging ineffective assistance of counsel because his counsel failed to file an appeal

---

[1] Pursuant to Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts, "a paper filed by an inmate confined in an institution is timely if deposited in the institution"s internal mailing system on or before the last day for filing." In Petitioner's Motion to Vacate he swore, under penalty of perjury, that he placed his petition in the prison mailing system on August 2, 2010.

when Petitioner had requested that he do so. After conducting an initial review of Petitioner's motion, the Court concluded that it appeared that Petitioner's Motion to Vacate was untimely by over two months. Therefore, the Court issued a Hill[2] notice ordering Petitioner to set forth why his Motion to Vacate was timely filed.

On September 1, 2010, this Court received Petitioner's response. In his response to the Hill notice, Petitioner asserts that his motion should be considered timely filed because after requesting that his counsel file an appeal, "he tried to no avail to reach his attorney to find out the status of his appeal." Petitioner further states that "[a]fter several letters to his attorney about his appeal and no responses, [he] contacted the United States Court of Appeal as to the status of his direct appeal only to find out that his attorney never filed a notice of appeal." Petitioner states that upon learning that no appeal had been filed on his behalf he "immediately thereafter" filed the instant Motion to Vacate asserting a claim of ineffective assistance of counsel for failure to file a direct appeal.

The Fourth Circuit has stated that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." See Harris v. Hutchinson, 209 F.3d 325, 330(4th Cir. 2000.) That is, equitable tolling is "reserved for those rare instances where - due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 330. A litigant seeking equitable tolling bears the burden of establish that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance stood in his way. Pace v.

---

[2] Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

DiGuglielmo, 544 U.S. 408, 418 (2005).

In this Court's Hill notice, the Court informed Petitioner that a vague assertion that he filed his Motion to Vacate as soon as he learned no appeal was pending was insufficient to warrant equitable tolling. (Doc. No. 2.) Despite this warning, in response to the Hill notice Petitioner generally asserts that after several unanswered letters to his attorney he contacted the Fourth Circuit and discovered that no appeal had been filed. Significantly, Petitioner provides no dates whatsoever or copies of his letters. Petitioner's vague assertion is insufficient to carry his burden of establishing that he acted with reasonable due diligence.[3]

In addition, it appears, based upon a document submitted by Petitioner in his criminal case, that prior to the expiration of his limitation period under AEDPA he discovered that no appeal was pending in his criminal case. In a letter dated April 27, 2010, citing an inability to conduct research due to a prison lock down from April 4, 2010, to April 21, 2010, Petitioner requested an extension of time to file a Motion to Vacate. (Crim. Case No. 5:07cr40: Doc. No. 37.) This document supports the conclusion that Petitioner discovered the fact that he had no appeal pending at least seven weeks prior to the expiration of his limitation period. Interestingly, nowhere in his request for an extension of time does Petitioner mention that he had just learned that he had no criminal appeal pending as one of the bases for his request for an extension.

Based upon the record in this case, this Court concludes that Petitioner has not established that his limitation period under AEDPA should be equitably tolled. Petitioner has not presented sufficient facts to establish that he acted with reasonable diligence. Nor, under the circumstances of this case, does the Court find it would be unconscionable to enforce the

---

[3] Significantly, Petitioner does not assert that his counsel affirmatively led him to believe that an appeal had been filed.

limitation period against Petitioner.

        **NOW**, **THEREFORE, IT IS HEREBY ORDERED that:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED and DISMISSED as untimely**; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)(in order to satisfy § 2253(c) when a court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 15, 2010

Richard L. Voorhees
United States District Judge